ed in Providence/Bristol County Superior Court
bmitted: 5/20/2025 4:01 PM
velope: 5137435
viewer: Carol M.

| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, SC | SUPERIOR COURT |

NEW ENGLAND PROPERTY )
SERVICES GROUP, LLC, )
     *Plaintiff* )
          ) C.A. No.:
v. )
          )
TRAVELERS HOME AND MARINE )
INSURANCE COMPANY, )
          )
     *Defendant* )

## COMPLAINT

### PARTIES

1. The Plaintiff, New England Property Services Group, LLC ("NEPSG"), is a Massachusetts Limited Liability Company that is properly registered and authorized to do business in the state of Rhode Island.

2. The Defendant, The Travelers Home and Marine Insurance Company ("TRAVELERS") is a Connecticut corporation registered and authorized to do business in the State of Rhode Island.

### JURISDICTION

3. This Court has jurisdiction over this matter pursuant to R.I. Gen. Laws § 8-2-14. The amount in controversy is in excess of the minimum jurisdictional limits of the Court.

4. This Court also has jurisdiction pursuant to R.I. Gen. Laws § 8-2-13, as the claims involve equitable relief and equitable issues.

5. Venue is proper in Providence County because the insured property is located there and the events giving rise to this action occurred in Providence County, Rhode Island.

ed in Providence/Bristol County Superior Court
ibmltted: 5/20/2025 4:01 PM
ivelope: 5137435
iviewer: Carol M.

## **GENERAL ALLEGATIONS**

6. TRAVELERS issued homeowner's insurance Policy No. 984781759 633 1 (the "Policy") to Lilian Chiha (the "Policyholder"), who paid all premiums due. See *Exhibit 1 - Policy*.

7. At all relevant times, the Policy insured the Policyholder's interest in the residence located at 207 River Road, Lincoln, Rhode Island. (the "Subject Premises").

8. At all relevant times, the Policy provided coverage for direct physical loss to the Subject Premises.

9. At all relevant times, the Policyholder complied with all duties under the Policy, including but not limited to the applicable duties after loss under the Policy.

10. At all relevant times, NEPSG complied with all duties under the Policy, including but not limited to the applicable duties after loss articulated in the Policy.

11. On or about June 26, 2024, the Subject Premises sustained direct physical loss due to a documented storm-related event.

12. On or about June 27, 2024, the Policyholder submitted a timely claim for storm-related damages on June 26, 2024. See *Exhibit 2 - "Overnight Storm, Tornado Caused Damage Across Southern New England."*

13. Upon information and belief, on or about June 27, 2024, TRAVELERS accepted the claim assigning it Claim No. U6Z6464 (the "Claim").

14. On or about June 28, 2024, NEPSG conducted an inspection on the Subject Premises, which was completed by NEPSG's sole member and manager Steven Ceceri ("Mr. Ceceri").

15. During the inspection, Mr. Ceceri discovered and photographed storm-related damages to the roof, siding, shed, and fencing.

Case 1:25-cv-00280-MRD-AEM   Document 1-1   Filed 06/16/25   Page 3 of 9 PageID #: 7
ed in Providence/Bristol County Superior Court
ıbmitted: 5/20/2025 4:01 PM
ıvelope: 5137435
ıviewer: Carol M.

16. On or about July 3, 2024, the Policyholder and NEPSG executed a Home Improvement Contract which contained an Irrevocable Assignment of Insurance Claim Benefits and Rights, as well as a direction to pay (the "Contract").

17. Pursuant to the Contract, the Policyholders assigned all rights, title, and interest in the Claim to NEPSG, and in doing so NEPSG became the legal and/or equitable owner of the Claim under R.I. Gen. Laws § 9-2-8, with the right to receive payment and pursue legal action regarding the Claim. See *Exhibit 3 - Contract*.

18. On or about July 3, 2024, NEPSG emailed TRAVELERS to notify them that it had become the legal assignee and owner of the Claim.

19. The email included a copy of the Contract and requested confirmation of Policy coverage for specific perils, including wind damage, as well as documents relevant to the Claim. See *Exhibit 4 - NEPSG Introduction*

20. To date, TRAVELERS has failed to provide NEPSG with the requested information regarding the specific perils covered under the Policy, despite NEPSG's request for confirmation, constituting an Unfair Claims Settlement Practice under 230-RICR-20-40-2.6(D). See *Exhibit 5 - R.I. Gen. Laws § 27-9.1-3 & 230-RICR-20-40-2.5(A)*.

21. On or about July 11, 2024, TRAVELERS employees Vanya Rollins ("Ms. Rollins"), a field adjuster, and Michael Lavoie ("Mr. Lavoie"), a claims manager, conducted an inspection of the Subject Premises.

22. The inspection on or about July 11, 2024, was limited to ground-level observations, with neither Ms. Rollins nor Mr. Lavoie accessing any roof surfaces.

23. This incomplete and cursory inspection resulted in a deficient and inadequate assessment of the claimed damages.

3

24. On or about July 22, 2024, Ms. Rollins sent NEPSG an estimate, providing a Replacement Cost Value (the "RCV") of $7,435.88, an Actual Cash Value (the "ACV") of $6,872.66, and a net claim value of $5,279.08, although the scope and costs were vastly undervalued due to the lack of performing a full and complete investigation. See *Exhibit 6 - TRAVELERS Estimate.*

25. On or about July 23, 2024, NEPSG submitted a written demand for arbitration to TRAVELERS via email correspondence (the "Demand"), naming Nick Mucetti ("Mr. Mucetti") as its competent and impartial arbitrator.

26. This Demand was sent by NEPSG in an effort to resolve the amount of loss in a speedy and efficient manner as is required by Rhode Island law, including *Hahn v. Allstate Ins. Co.*, 15 A.3d 1026 (R.I. 2011). See *Exhibit 7 - Demand*

27. On or about July 29, 2024, NEPSG received a check from TRAVELERS in the amount of $5,279.08, listing NEPSG as the sole payee in accordance with the Contract.

28. On or about August 12, 2024, twenty days after NEPSG submitted its Demand, TRAVELERS claim manager Michael Lavoie ("Mr. Lavoie") sent a letter to NEPSG stating, "Travelers objects to moving forward with an appraisal proceeding at this time. Although your demand for appraisal is premature, and fully reserving all rights, Travelers provides the name and contact information of an appraiser it has selected to serve on its behalf in the event appraisal is determined to be ripe."

29. Despite objecting to NEPSG's demand for appraisal, Mr. Lavoie proceeded to name Liam J. McCarthy, Esq. ("Attorney McCarthy"), as TRAVELERS' appraiser.

30. Attorney McCarthy is currently representing various insurance companies in active litigation against NEPSG, raising serious concerns regarding his impartiality — a fundamental

4

ed in Providence/Bristol County Superior Court
ıbmitted: 5/20/2025 4:01 PM
ıvelope: 5137435
ıviewer: Carol M.

requirement for appraisers under the Policy, R.I. Gen. Laws § 27-5-3, and R.I. Gen. Laws § 10-3-1, et seq. See *Exhibit 8 - TRAVELERS Response to Demand.*

31. NEPSG asserts that when TRAVELERS selected Attorney McCarthy as its appraiser, it knew or should have known of McCarthy's clear bias against NEPSG, given his adversarial role in ongoing litigation involving NEPSG.

32. Attorney McCarthy was recently removed as the third referee in a Massachusetts reference proceeding involving NEPSG by court order, with the Court expressly finding that he was not "disinterested," or impartial a statutory and policy requirement in Massachusetts.

33. In that ruling, Presiding Justice David A. Deakin stated:

> *"At the time that he was selected as the third referee, McCarthy was representing two parties in cases against NEPSG. In each case, McCarthy had either charged NEPSG with insurance fraud or raised the suggestion of a claim similar to those at issue in the present matter. Under these circumstances, an outside observer "would have to conclude that [McCarthy] . . . was partial . . . [against] one party" to the reference. Id., quoting ]CI Communications, Inc., 324 F. 3d at 51, quoting Nationwide Mut. Ins. Co. v. Home Ins. Co., 278 F. 3d 621, 626 (6th Cir. 2002). As both parties to the reference are entitled to unbiased referees, McCarthy may not serve as the third referee in this case." See Exhibit 9 - McCarthy Court Ordered Disqualification*

34. On or about August 15, 2024, Mr. Lavoie sent NEPSG a letter enclosing a certified copy of the Policy and reiterating TRAVELERS' objection to proceeding with the appraisal process. See *Exhibit 10 - TRAVELERS Shares Policy and Continues to Reject Appraisal.*

35. On or about January 7, 2025, NEPSG notified TRAVELERS via email that it was replacing Mr. Mucetti with Attorney Brian Nappa as its appraiser and also urged the appraisers to promptly communicate and work toward a swift resolution of the Claim. See *Exhibit 11 - NEPSG's New Appraiser.*

5

Case 1:25-cv-00280-MRD-AEM   Document 1-1   Filed 06/16/25   Page 6 of 9 PageID #: 10

ed in Providence/Bristol County Superior Court
ibmitted: 5/20/2025 4:01 PM
ivelope: 5137435
iviewer: Carol M.

36. On or about January 24, 2025, Mr. Lavoie sent NEPSG a letter acknowledging the change of appraisers but again refusing to proceed with the appraisal process. See *Exhibit 12 - TRAVELERS Continued Demand Rejection*

37. On or about January 27, 2025, NEPSG responded to Mr. Lavoie's January 24 email, requesting the photos taken by TRAVELERS during the site visit and seeking clarification regarding the Policy's appraisal language.

38. On or about January 27, 2025, NEPSG asked TRAVELERS to identify where the Policy imposes a requirement for NEPSG to provide an estimate to establish a dispute over the amount of loss. See *Exhibit 13 – NEPSG's Reply and Request for Information*

39. NEPSG asserts that the arbitration language in the Policy and under R.I. Gen. Laws § 27-5-3 clearly contains no requirement for submitting an estimate or valuation of damages to establish a dispute over the amount of loss and TRAVELERS' insistence on such a non-existent precondition constitutes an Unfair Claims Settlement Practice under 230-RICR-20-40-2.5. See *Exhibit 5 - R.I. Gen. Laws § 27-9.1-3 & 230-RICR-20-40-2.5.*

40. On or about February 13, 2025, Mr. Lavoie responded, stating that the photographs would be provided shortly and that if NEPSG did not submit a proof of loss soon, TRAVELERS would close the Claim file. See *Exhibit 14 – TRAVELERS Reply to NEPSG.*

41. On or about February 13, 2025, NEPSG provided TRAVELERS with a sworn proof of loss, despite not being required to do so, as TRAVELERS had already accepted coverage for the Claim, investigated, and issued payment. See *Exhibit 15 - Sworn Proof of Loss.*

42. On or about February 13, 2025, NEPSG included with its sworn proof of loss a list of pertinent questions regarding the Claim formatted for TRAVELERS to complete.

ed in Providence/Bristol County Superior Court
ibmitted: 5/20/2025 4:01 PM
ivelope: 5137435
viewer: Carol M.

Case 1:25-cv-00280-MRD-AEM     Document 1-1     Filed 06/16/25     Page 7 of 9 PageID #: 11

43. To date, TRAVELERS has not provided responses to these pertinent questions, which is an Unfair Claims Settlement Practice under 230-RICR-20-40-2.6(D).

44. On or about March 4, 2025 — twenty-eight days after NEPSG's correspondence to TRAVELERS and thirteen days after the response deadline under 230-RICR-20-40-2.6(D) — Mr. Lavoie sent an email with an attached letter confirming receipt of NEPSG's proof of loss.

45. In the letter, Mr. Lavoie continued to assert that TRAVELERS was "unable to determine if appraisal is appropriate" based on NEPSG's initial Demand, a position NEPSG contends is false.

46. TRAVELERS has violated the terms of the Policy and R.I. Gen. Laws § 27-5-3 by refusing to participate in the arbitration process with NEPSG to resolve the dispute over the Claim's amount of loss.

47. On or about May 5, 2025, NEPSG's attorney contacted Mr. Lavoie via email, requesting the removal of Attorney McCarthy as TRAVELERS' chosen appraiser, citing McCarthy's active representation of insurance companies in ongoing litigation against NEPSG, creating a clear adversarial conflict and bias against NEPSG. See *Exhibit 16 – Attorney Correspondence.*

48. On or about May 16, 2025, Mr. Lavoie responded to NEPSG's email, reaffirming TRAVELERS' refusal to proceed with the appraisal process and declining to remove Attorney McCarthy as its appraiser. *Id.*

## Count I
## Breach of Contract

49. Plaintiff NEPSG repeats and realleges each and every allegation contained in paragraphs 1 through 49 of the Complaint, as if fully set forth herein

50. TRAVELERS had a contractual duty to cover physical damage to the Subject Premises arising out of covered perils under Policy. See *Exhibit 1.*

Filed in Providence/Bristol County Superior Court
Submitted: 5/20/2025 4:01 PM
Envelope: 5137435
Reviewer: Carol M.

51. TRAVELERS had a contractual obligation to conduct a reasonable investigation into the Claim at the Subject Premises according to the implied covenant of good faith and fair dealing.

52. TRAVELERS had a contractual obligation, under Rhode Island law, to negotiate the settlement of the Claim with NEPSG according to the implied covenant of good faith and fair dealing.

53. Plaintiff avers that Defendant breached its contractual obligations under the Policy's implied covenant of good faith and fair dealing by misrepresenting Policy provisions regarding coverage, conducting an inadequate and incompetent investigation of the Claim, refusing to negotiate a fair and equitable settlement with NEPSG, obstructing the appraisal process, unreasonably delaying settlement of the Claim, and compelling NEPSG to initiate litigation to enforce the terms of the Policy.

54. As a direct and proximate result of Defendant TRAVELERS' breach of the Policy, NEPSG suffered damages.

55. The damages suffered by NEPSG were a foreseeable consequence of TRAVELERS' breach of the Policy.

56. Solely as a result of Defendant TRAVELERS' breach of its contractual obligations under the Policy, NEPSG has suffered damages.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff NEPSG demands judgment in its favor against TRAVELERS regarding Count I of the Complaint in an amount sufficient to establish jurisdiction of this Court. NEPSG seeks compensatory damages and consequential damages, together with pre- and post-judgment interest pursuant to R.I. Gen. Laws §§ 27-7-2.2 and 9-21-10, costs, and attorney's fees pursuant to 9-1-45.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

Case 1:25-cv-00280-MRD-AEM   Document 1-1   Filed 06/16/25   Page 9 of 9 PageID #: 13

Filed in Providence/Bristol County Superior Court
Submitted: 5/20/2025 4:01 PM
Envelope: 5137435
Reviewer: Carol M.

Respectfully submitted,
New England Property Services Group, LLC
By its attorney,

/s/ Nicholas G. Elias
Nicholas G. Elias #10775
New England Property Services Group, LLC
1822 North Main Street
Second Floor Annex Suite 001
Fall River, MA 02720
(508) 567-5738 – Phone
(401) 556-4423 – Fax
Nicholas@newenglandpropertyservicesgroup.com